THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* AARON SAMUELS, Defendant.

County Court, Suffolk County, December 30, 1946.

*Hyman Barshay* for defendant.

*Fred J. Munder, District Attorney,* for plaintiff.

HILL, J. This is a motion to inspect the Grand Jury minutes, on which an indictment was found against the defendant, or in the alternative, to have the court inspect the Grand Jury minutes, and upon its own motion, dismiss the indictment on the grounds: (1) That the competent evidence submitted to the Grand Jury was insufficient in law, and as a matter of law did not constitute the crime charged in the indictment, and (2) that if any other evidence was submitted to the Grand Jury, it was

incompetent, illegal and hearsay, and in violation of the defendant's constitutional rights.

The defendant was indicted for extortion, pursuant to section 855 of the Penal Law. " § 855. *Public officer taking illegal fees commits extortion.* A public officer who asks, or receives, or agrees to receive, a fee or other compensation for his official service: * * * 2. Where no fee or compensation is allowed to him by statute therefor, Commits extortion and is guilty of a misdemeanor."

The section deals with public officers only, acting in their official capacity.

The defendant is alleged to have taken a fee for the purpose of "Straightening-out" a claim for [unemployment] insurance payments due the State of New York by the estate of one Fitzgerald, deceased.

The defendant, employed by the State of New York, had no power to compromise or settle claims. In answer to a question by the District Attorney, one of the assistants in the State Department of Labor testified as follows: " Q. In his capacity as tax collector would Samuels have anything to do at all with the decision on whether or not the tax was a proper tax? A. No. Samuels' sole duty was to collect the tax, or to serve a warrant or to take partial payment and arrange for future payments. That was his sole function."

"Q. He had nothing to do, then, with a re-hearing and a possible decision on a re-hearing, is that right? A. That is correct. The only thing that Mr. Samuels would have to do if he was questioned, he would advise the claimant or the employer of his rights under the law — that is, his rights to a hearing."

The statute does not contemplate a situation involving a fee for services not within the duties of the public officer involved. And since there is no testimony that the defendant accepted, or agreed to accept, a fee for official service within the scope of his employment, the indictment must be dismissed.